UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RICKY DALE SMITH, <br> TDCJ #00582683, <br>     Petitioner, <br> VS. <br> LORIE DAVIS, <br>     Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 3:17-CV-00335 |

## MEMORANDUM OPINON AND ORDER DISMISSING PETITION

State inmate Ricky Dale Smith has filed a Petition (Dkt. 1) for a federal writ of habeas corpus challenging his 2011 conviction for failure to register as a sex offender. On December 26, 2017, this Court entered an Order to Show Cause why the Petition should not be dismissed because it is time-barred and because Smith's sentence has been fully discharged (Dkt. 10). Petitioner has filed his Response (Dkt. 13). Petitioner also has filed a motion for extension of time (Dkt. 5), a motion to file a supplemental brief (Dkt. 8), and a motion to supplement his response (Dkt. 14). After considering the pleadings and filings, the applicable law, and all matters of record, the Court will dismiss the Petition as time-barred under 28 U.S.C. § 2244(d) for the reasons explained below.

### I.  BACKGROUND

According to his Petition and publicly available records, Smith pleaded guilty on December 9, 2011, to the charge of failure to register as a sex offender (Case No. 66240,

300th District Court of Brazoria County, Texas).[1]  He was sentenced to four years confinement, with 134 days of jail credit, and his sentence commenced on December 9, 2011.  Smith did not appeal.   Judgment was entered on December 13, 2011.

Smith filed his state habeas petition on or about June 12, 2017.  The writ was received in the Texas Court of Criminal Appeals ("TCCA") on July 28, 2017.  According to Smith's Petition in this Court, his state habeas application raised ten grounds of "Procedural and Actual Innocence based upon Ineffective Assistance of Counsel" (Dkt. 1, at 4).  The TCCA denied relief on August 23, 2017, without written order, WR-86,813-03.

On October 20, 2017, Smith executed his Petition for habeas relief in this Court. He brings ten claims for relief, including "actual innocence," "procedural innocence," and violation by the Texas Board of Pardons and Paroles of his constitutionally protected liberty interest.  Regarding the timeliness of his Petition, Smith stated, "Petitioner asserts Tolling pursuant to *Schlup v. Delo*, Actual or Procedural Innocence" (Dkt. 1, at 9).

Smith's Petition has not been served on Respondent.  On December 26, 2017, the Court ordered Smith to show cause why his Petition was not time-barred under 28 U.S.C. § 2244(d).  The Order identified the relevant dates for computation of the limitations period and set forth the law regarding the actual innocence exception.  The Order further noted that Smith's four-year term for the 2011 conviction expired, at the latest, in

---

[1] As explained in the Court's Order to Show Cause, Smith's obligation to register as a sex offender apparently is a result of his 1991 burglary conviction (Case No. 21696, 300th District Court of Brazoria County, Texas).  Smith has filed a separate habeas action in this Court for relief from the 1991 conviction. *See Smith v. Davis*, Southern District of Texas Case No. 3:17-CV-278.

December 2015 and apparently had been fully discharged at the time Smith filed his Petition.

Smith now has responded to the Order to Show Cause. He "asserts his innocence of any sex-crime elements" in the 1991 burglary charge (Dkt. 13, at 6), and on that basis apparently asserts his "innocence" as to the 2011 sex offender registration charge. Smith acknowledges that, although he initially complied with the requirement to register as a sex offender, in April 2011 he made "a poor choice to move and not change his address without prior parole approval," leading to his arrest and additional charges (*Id*. at 7). He alleges that his attorney in the 2011 case refused to investigate the 1991 judgment.

Smith also has filed a motion to supplement his response (Dkt. 14), which attaches a letter from the Oklahoma Department of Corrections, dated March 15, 2018. The Court **grants** the motion to supplement. The Oklahoma letter states that, based on information received from Brazoria County, "there are no elements that meet either the Violent or Sex offender registration requirement guidelines" and that Smith presently is not required to register in Oklahoma as a sex offender.[2]

## II.  **THE ONE-YEAR STATUTE OF LIMITATIONS**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), this federal habeas petition is subject to the one-year limitations period found in 28 U.S.C. § 2244(d). *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998). Although the statute of limitations is an affirmative defense, district courts may raise the defense *sua sponte* and, under Habeas Rule 4, may dismiss a petition prior to any answer if it

---

[2]  Smith is currently incarcerated in Oklahoma on his 1991 Texas conviction.

"plainly appears" from the petition and its exhibits that the petitioner is not entitled to relief in the district court. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (citing Habeas Rule 4, 28 U.S.C. foll. § 2254). A district court may dismiss a petition as untimely on its own initiative where it gives fair notice to the petitioner and an opportunity to respond. *Day v. McDonough*, 547 U.S. 198, 209-10 (2006).

Because Smith challenges a state court conviction, the statute of limitations for federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(A), on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *See Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) Smith's sentence was imposed on December 9, 2011 and, assuming he did not waive his right to appeal, his conviction was final when his time to appeal expired on January 9, 2012. *See* TEX. R. APP. P. 26.2(a)(1); *Butler*, 533 F.3d at 317. The statute of limitations under the AEDPA expired one year later, on January 9, 2013. *See* 28 U.S.C. § 2244(d)(1)(A). Smith's Petition, executed on October 20, 2017 and filed with this Court on November 3, 2017, is over four years late and time-barred unless a statutory or equitable exception applies.

Smith's filings do not provide any explanation for his delay in seeking federal habeas relief, and the record discloses no justification. Smith does not assert any state-created impediment to filing for habeas relief, a constitutional right newly recognized and made retroactive by the Supreme Court, or new facts not previously discoverable through the exercise of due diligence. *See* 28 U.S.C. § 244(d)(1)(B)-(D). Moreover, his state habeas petition did not toll the limitations period because Smith filed it in 2017, long

after the AEDPA limitations period had expired. *See* 28 U.S.C. § 2244(d)(2); *Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013).

Smith also does not assert any facts that would warrant equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005). A petitioner is entitled to equitable tolling of the limitations period "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'" *Holland*, 560 U.S. at 649 (quoting *Pace*, 544 U.S. at 418). Equitable tolling is available only in rare and exceptional circumstances. *Mathis v. Thaler*, 616 F.3d 461, 475 (5th Cir. 2010). Smith does not identify any facts supporting his habeas claims that were not known to him before the limitations period expired. He has not shown due diligence in bringing his claims, and does not identify any "extraordinary circumstance" that prevented him from timely filing.

Smith argues, however, that his Petition should not be dismissed because he is "actually innocent" or "procedurally innocent" of the crime of which he was convicted, invoking *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) and *Schlup v. Delo*, 513 U.S. 298 (1995). The Supreme Court has held that a defendant who demonstrates "actual innocence" of his crime of conviction may be excused for failing to comply with the one-year statute of limitations on federal habeas corpus review. *See McQuiggin*, 569 U.S. at 386. To make a tenable actual innocence claim in this context, a habeas petitioner must present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at

trial." *Schlup*, 513 U.S. at 324. A petitioner must then show that "it is more likely than not that," in light of the new evidence, "no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327; *see Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000). The Supreme Court has emphasized that "the *Schlup* standard is demanding and permits review only in the extraordinary case." *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotations and citations omitted).

In asserting his "actual innocence" claim, Smith alludes to his habeas claims of ineffective assistance of counsel, due process violations, and violation of the prohibition against *ex post facto* laws (Dkt. 13, at 10-11). None of these assertions are relevant to *McQuiggin*'s requirement that Smith show actual innocence of his crime of conviction. Moreover, even if the Court were to assume that some facts asserted by Smith might, if proven, show actual innocence of his 2011 conviction for failure to register, Smith identifies no facts that were not known or available to him previously, before the limitations period expired.[3] The Supreme Court has held that to satisfy the requirements of the actual innocence exception, the evidence of innocence must be not only strong but "new." *McQuiggin*, 569 U.S. at 399.

Accordingly, the Petition must be dismissed as untimely filed.

Moreover, it appears that Smith's four-year sentence for his 2011 conviction, which the Petition challenges, had been fully discharged by December 2015, nearly two years before Smith filed his Petition. As explained in the Order to Show Cause, a federal

---

[3] Smith's letter from the Oklahoma Department of Corrections, dated March 15, 2018, states that Smith is not required to register as a sex offender in Oklahoma at the present time. The letter is irrelevant to whether Smith was required to register in Texas in 2011.

court has no jurisdiction to entertain a habeas petition from a petitioner "not 'in custody' under the conviction or sentence which the petition attacks" at the time the petition is filed. *Hendrix v. Lynaugh*, 888 F.2d 336, 337 (5th Cir. 1989); *see* 28 U.S.C. § 2254(a) ("a district court shall entertain an application for a writ of habeas corpus in behalf of a person ***in custody pursuant the judgment of a State court*** . . .") (emphasis added). Smith argues that *Hendrix* is distinguishable because the two convictions in *Hendrix* were unrelated whereas, Smith insists, his 1991 and 2011 convictions are intertwined "pursuant to the Collateral Consequence Doctrine" (Dkt. 13, at 13). Smith's argument regarding "intertwined" convictions does not demonstrate that he was "in custody" on the 2011 conviction at the time he filed his Petition. *See Hendrix*, 888 F.3d at 338. Therefore, his Response fails to show cause why the Petition should not be dismissed on this additional ground.

Because the Petition is dismissed as time-barred, the Court **denies** Petitioner's motion to file a supplemental brief (Dkt. 8) in support of his claim under the *ex post facto* clause. Additionally, the Court **denies as moot** Petitioner's motion for extension of time (Dkt. 5) to file his Petition and supporting documents due to Hurricane Harvey, given that Petitioner now has had opportunity to make multiple filings in support of his claims.

### III.  CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a

district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The petition for habeas corpus under 28 U.S.C. § 2254 (Dkt. 1) is **DISMISSED** with prejudice as time-barred.

2. Petitioner's motion for extension of time (Dkt. 5) is **DENIED as moot**, Petitioner's motion to file a supplemental brief (Dkt. 8) is **DENIED**, and Petitioner's motion to supplement his response (Dkt. 14) is **GRANTED**.

3. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 29th day of March, 2018.

George C. Hanks Jr.
United States District Judge